UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

WALESKA FERRER-RODRIGUEZ, RAY RIVERA-MONTALVO,

Plaintiffs,

v.

DR. EFRAIN GONZÁLEZ-DROZ, et al.,

Defendants.

Civil No. 12-1841 (JAF)

## **OPINION AND ORDER**

In this case, Plaintiffs filed a complaint against their child's former doctor, Dr. Efraín González-Droz ("González"). (Docket No. 1.) Plaintiffs' complaint alleged that González's substandard care led to their stillborn baby's death in 1998. (Id.) Plaintiffs later filed an amended complaint that added González's insurer, Suscripción Conjunta de Seguros de Responsabilidad Médico-Hospitalaria ("SIMED"), as a codefendant. (Docket No. 31.)   Before the court is González's motion to dismiss under Fed. R.Civ.P.12(b)(1) and (6). (Docket No. 27.) Plaintiffs oppose. (Docket No. 33.) For the following reasons, we grant in part and deny in part González's motion.

**I.**

**Background**

While this case has a long and varied procedural history, the legal issues presented in this motion are relatively straightforward. We, therefore, restate only the history necessary to resolve the present motion.

Plaintiffs are a father and mother who allege that Dr. González's negligent medical care led to their stillborn baby's death in 1998. (Docket No. 31 at 1.) Plaintiffs first brought suit against González in 1999 in the local Commonwealth courts. (Docket No. 31 at 9.) After many years of discovery proceedings, Plaintiffs moved for voluntary dismissal of their claims in 2007. (Id.) Plaintiffs then filed suit twice in the United States District Court for the District of Puerto Rico. (Id.) During "all times pertinent," SIMED has been the insurance provider for González. (Id. at 2.) SIMED also provided González with legal representation during González's bankruptcy proceedings in the United States Bankruptcy Court for the Eastern District of California. (Docket No. 33 at 2.)

Plaintiffs' first federal case was dismissed for want of federal subject-matter jurisdiction. See Ferrer-Rodriguez v. González-Droz, Civ. No. 08-1416 (D.P.R. Nov. 17, 2008) (Docket No. 16.) The judge found that because SIMED and Plaintiffs were both citizens of Puerto Rico, there was not complete diversity. Id. at 2. Plaintiffs then filed another federal case that did not include SIMED as a defendant. See Rivera-Montalvo v. González-Droz, Civ. No. 09-2163 (D.P.R. Nov. 12, 2009) (Docket No. 1.) Plaintiffs' second federal case was dismissed without prejudice in January 2012, after González was discharged as a debtor in a Chapter 7 bankruptcy proceeding in the Bankruptcy Court for the Eastern District of California.[1] See Rivera-Montalvo v. González-Droz, Civ. No. 09-2163 (D.P.R. Jan. 26, 2012) (Docket No. 25.) On October 5, 2012, Plaintiffs filed this case. (Docket No. 1.)

---

[1] González attaches copies of the bankruptcy court's discharge order and docket report. (Docket Nos. 27-3; 27-4.) See also In Re González, No. 11-28613-C-7 (Bankr. E.D. Cal. Dec. 5, 2011). A chapter 7 bankruptcy discharges "all debts that arose before the date of the order for relief." 11 U.S.C. § 727(b).

## II.

## **Legal Standard**

**A.     Rule 12(b)(1)**

A defendant may move to dismiss an action under Federal Rule of Civil Procedure 12(b)(1) for lack of federal subject-matter jurisdiction. See Fed.R.Civ.P.12(b)(1). Federal courts are obligated to resolve questions pertaining to subject-matter jurisdiction before addressing the merits of a case. Acosta-Ramirez v. Banco Popular de Puerto Rico, 712 F.3d 14, 20 (1st Cir. 2013) (citing Donahue v. City of Boston, 304 F.3d 110, 117 (1st Cir. 2002). Moreover, it is "black-letter law that a federal court has an obligation to inquire sua sponte into its own subject matter jurisdiction." McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004) (citations omitted).

"When faced with motions to dismiss under both 12(b)(1) and 12(b)(6), a district court, absent good reason to do otherwise, should ordinarily decide the 12(b)(1) motion first." Northeast Erectors Ass'n of BTEA v. Secretary of Labor, Occupational Safety & Health Admin., 62 F.3d 3733 (1st Cir. 1995) (citing 5A Charles Wright & Arthur Miller, FEDERAL PRACTICE AND PROCEDURE § 1350, at 210 (1990)). "When a defendant moves to dismiss for lack of federal subject matter jurisdiction, 'the party invoking the jurisdiction of a federal court carries the burden of proving its existence.'" Johansen v. United States, 506 F.3d 65, 68 (1st Cir. 2007) (citing Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995)).

Rule 12(b)(1) provides a "large umbrella, overspreading a variety of different types of challenges to subject-matter jurisdiction." Valentin v. Hosp. Bella Vista, 254

F.3d 358, 362–63 (1st Cir. 2001). A movant may base a challenge to the sufficiency of the plaintiff's assertion of subject-matter jurisdiction solely on the pleadings. Id. at 363. In that case, we take the plaintiff's "jurisdictionally-significant facts as true" and "assess whether the plaintiff has propounded an adequate basis for subject-matter jurisdiction." Id. at 363; see Pejepscot Indus. Park, Inc. v. Maine Cent. R.R. Co., 215 F.3d 195, 197 (1st Cir. 2000). On a motion under 12(b)(1), we may review materials outside the pleadings to determine whether subject-matter jurisdiction exists. González v. United States, 284 F.3d 281 (1st Cir. 2002) (citations omitted).

**B.     Rule 12(b)(6)**

A plaintiff's complaint will survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6) if it alleges sufficient facts to establish a plausible claim for relief. See Fed.R.Civ.P. 12(b)(6); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In assessing a claim's plausibility, the court must construe the complaint in the plaintiff's favor, accept all non-conclusory allegations as true, and draw any reasonable inferences in favor of plaintiff. San Geronimo Caribe Project, Inc. v. Acevedo-Vila, 687 F.3d 465, 471 (1st Cir. 2012) (citation omitted).

**III.**

**Analysis**

We first address the arguments raised in González's motion to dismiss. Then, we raise sua sponte a potential hurdle to federal subject-matter jurisdiction.

**A.     González's Motion to Dismiss**

González argues that this court lacks jurisdiction to hear the merits of Plaintiffs' claim. (Docket No. 27.) Specifically, González argues that because he was discharged as

a debtor in a "no asset" bankruptcy proceeding, Plaintiff is barred from pursuing an action against him.[2] (Id.) Plaintiffs acknowledge that they are barred from collecting a debt against González, but argue that they are allowed to include González as a nominal defendant for the limited purpose of pursuing their claims against SIMED. (Docket No. 33.)

Plaintiffs' position is correct. "Although § 524(a)(2) prohibits actions brought to collect a discharged debt from the debtor, it permits suits—even those brought to collect on debts a debtor has discharged—that formally name the debtor as a defendant but are brought to collect from a third party."[3] In re Paul, 534 F.3d 1303, 60 Collier Bankr. Cas. 2d (MB) 375, Bankr. L. Rep. (CCH) P 81289 (10th Cir. 2008) (collecting cases.). There is an abundance of authority holding that a plaintiff may pursue a claim against an insurer by naming a discharged debtor as the nominal defendant. See generally 3A Bankr. Serv. L. Ed. § 28:56 (2013) ("Following debtor's discharge, a creditor may establish the debtor's nominal liability for a claim solely for the purpose of collecting the debt from a third party, such as an insurer or guarantor.") (citing 11 U.S.C § 524(e); In re Hayden, 477 B.R. 260 (Bankr. N.D. Ga. 2012)).

González places much emphasis on the so-called "majority rule" that in no-asset bankruptcies, a debtor's debts are discharged regardless of whether the creditor received timely notice of the bankruptcy proceedings. (Docket No. 27.) This argument fails.

---

[2] A no asset bankruptcy is one in which the bankrupt claims in his filing that he has no assets to distribute to ordinary creditors. Colonial Sur. Co. v. Weizman, 564 F.3d 526, 530-31 (1st Cir. 2009).

[3] The relevant text of 11 U.S.C. § 524(a)(2) provides: "A discharge in a case under [the Bankruptcy Code]—operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any [discharged] debt as a personal liability of the debtor."

First, in Colonial Sur. Co. v. Weizman, 564 F.3d 526, 530-31 (1st Cir. 2009), the First Circuit rejected this interpretation of § 523(a)(3), holding it inconsistent with Congress' intent. See id. ("Nothing in the language or history of the 1978 revision of section 523(a)(3) indicates that Congress aimed to carve out no asset bankruptcies from what we perceive to be a general rule that listing the creditor is a condition of discharge.") (Boudin, J.). Second, González's argument ignores the fact that Plaintiffs are suing González as a nominal defendant only, in order to pursue their claim against SIMED. This is clearly permitted under the statute.[4] See, e.g., In Re Doughty, 195 B.R. 1, 4 (Bankr. D. Mass. 1995) ("[A]fter discharge and expiration of the automatic stay, actions aimed at collecting such an obligation from a debtor's liability insurer are permissible, even when they involve the debtor as a nominal defendant.") (collecting cases).

Assuming that there are no other jurisdictional obstacles, Plaintiffs will be allowed to name González as a nominal defendant for the limited purpose of pursuing their claims against SIMED. Additionally, to comply with § 524(a), Plaintiffs will be required to indemnify González for any expenses he incurs defending against this action, excluding discovery costs. See In Re Paul, 534 F.3d at 1307 ("[R]equiring a debtor to bear such collateral burdens of litigation as those relating to discovery (as opposed to the actual defense of the action and potential liability for the judgment), does not run afoul of § 524(a)(2).") (collecting cases).

---

[4] § 524(e) provides, in pertinent part: "[D]ischarge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt."

**B.    Diversity Jurisdiction**

We now raise sua sponte another potential challenge to our subject-matter jurisdiction. Plaintiffs' complaint argued that diversity was present under 28 U.S.C. § 1332. (Docket No. 1 at 1.) Diversity may have been present before SIMED was added, as González is a citizen of California. (Docket No. 31 at 2.) But, on May 30 of this year, Plaintiffs filed an amended complaint that added SIMED as a codefendant. (Id.) SIMED is presumably a citizen of Puerto Rico. See Ferrer-Rodriguez v. González-Droz, Civ. No. 08-1416 (D.P.R. Nov. 17, 2008) (Docket No. 16) (finding SIMED to be a citizen of Puerto Rico). Because the statute has been interpreted to require complete diversity between all defendants, see Gabriel v. Preble, 396 F.3d 10, 13 (1st Cir. 2005), jurisdiction exists here only if Plaintiffs are bona-fide citizens of Florida, as they claim. (Docket No. 31 at 1.) In their earlier federal case in 2008, Plaintiffs described themselves, and were found to be, citizens of Puerto Rico, not Florida. See Ferrer-Rodriguez v. González-Droz, Civ. No. 08-1416 (D.P.R. 2008) (Docket Nos. 1; 16.)

The history of this case raises a concern that Plaintiffs may be attempting to manufacture jurisdiction where none exists. After Plaintiffs' first federal case was dismissed for want of jurisdiction, Plaintiffs filed a second case in federal district court. See Rivera-Montalvo v. González-Droz, Civ. No. 09-2163 (D.P.R. Nov. 12, 2009) (Docket No. 1.) In the second case, Plaintiffs' complaint did not include SIMED as a defendant. (Id.) Comparing the complaints in those two cases, we suspect that Plaintiffs may have intentionally omitted SIMED in the second case in order to create diversity jurisdiction. To our knowledge, the district court in the second federal case never

addressed the jurisdictional question. Eventually, Plaintiffs' complaint was dismissed because of González's discharge in the Chapter 7 bankruptcy proceedings. See Rivera-Montalvo v. González-Droz, Civ. No. 09-2163 (D.P.R. Jan. 26, 2012) (Docket No. 25.)

In this case, Plaintiffs repeated the same tactics they used in the second federal case. Their initial complaint here did not name SIMED as a defendant. (Docket No. 1.) Only later did Plaintiffs amend their complaint to include SIMED. (Docket No. 31.) Plaintiffs may have a perfectly good explanation for this. But, judging by the history of this case, and drawing on our experience as a judge in this district, we suspect that Plaintiffs may be trying to manipulate diversity jurisdiction. We will not tolerate any attempts to manufacture federal subject-matter jurisdiction.

For the foregoing reasons, González's motion is **GRANTED IN PART** and **DENIED IN PART**. Plaintiffs will be allowed to name González as a nominal defendant for the limited purpose of pursuing their claims against SIMED, on the condition that Plaintiffs indemnify González for any expenses he incurs defending against this action, excluding discovery costs. At our previously-scheduled conference **set for June 20, 2013, at 1:30 P.M**., we will hold an evidentiary hearing on the question of diversity jurisdiction. Plaintiffs must be prepared to show that diversity jurisdiction exists here.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 13th day of June, 2013.

                                                                S/José Antonio Fusté
                                                                JOSE ANTONIO FUSTE
                                                                U. S. DISTRICT JUDGE