1   UNITED STATES DISTRICT COURT
2   DISTRICT OF PUERTO RICO
3
4

WALESKA FERRER-RODRIGUEZ, RAY
RIVERA-MONTALVO,

    Plaintiff,

    v.

DR. EFRAIN GONZÁLEZ-DROZ,
CONJUGAL PARTNERSHIP
GONZALEZ-DOE, SIMED INSURANCE
COMPANY,

    Defendant.

Civil No. 12-1841 (JAF)

5
6   **OPINION AND ORDER**

7   Plaintiffs Waleska Ferrer-Rodríguez and Ray Rivera-Montalvo ("Plaintiffs")

8   brought a medical malpractice suit under diversity jurisdiction against Defendants

9   Dr. Efraín González-Droz, Conjugal Partnership González-Doe, and SIMED Insurance

10  Company.  (Docket No. 1.)  Defendant SIMED filed a motion to dismiss based on a

11  failure to toll the statute of limitations.  (Docket No. 49.)  We find that the statute of

12  limitations was properly tolled, and we deny the motion to dismiss.

13  When considering a motion to dismiss, we must construe the complaint in the

14  plaintiff's favor, accept all non-conclusory allegations as true, and draw any reasonable

15  inferences in favor of the plaintiff.  Rodríguez-Ramos v. Hernández-Gregorat, 685 F.3d

16  34, 39-40 (1st Cir. 2010) (citation omitted).  Therefore, to the extent that any facts are

17  disputed, the facts set forth below represent Plaintiffs' version of the events at issue.

Civil No. 12-1841 (JAF)                                                                                      -2-

1          Plaintiffs delivered a stillborn child on October 15, 1998.  They first discovered

2     that this was the result of medical malpractice by Defendant González-Droz upon the

3     receipt of an autopsy in December 1998.  Plaintiffs properly tolled the statute of

4     limitations by filing an action at the Puerto Rico courts on October 15, 1999 under docket

5     number JDP-99-0462.  (Docket No. 1.)  As conceded by Defendant SIMED, that action

6     was filed against both Defendant González-Droz and Defendant SIMED.  (Docket

7     No. 49.)  Plaintiffs filed for a voluntary dismissal of said action on April 10, 2007, and

8     judgment was entered in accordance on April 17, 2007.  On April 9, 2008, Plaintiffs re-

9     filed their action as a federal case, Civ. No. 08-1417 (JP), which was dismissed without

10    prejudice for lack of complete diversity jurisdiction on November 14, 2008.  Plaintiffs

11    filed another action under Civ. No. 09-2163 (DRD) on November 12, 2009, and that case

12    was dismissed without prejudice on January 26, 2012, due to a bankruptcy proceeding

13    involving Defendant González-Droz. (Docket No. 1.)  That action named Defendant

14    González-Droz but did not name SIMED.  (Docket No. 49.)  After Defendant González-

15    Droz was discharged from bankruptcy status, Plaintiffs re-filed the instant action on

16    October 5, 2012, as Civ. No. 12-1841, against both Defendant González-Droz and

17    Defendant SIMED.  (Docket No. 1.)

18          Federal courts sitting in diversity apply state substantive law and federal

19    procedural law. Gasperini v. Ctr. For Humanities, Ic., 518 U.S. 415, 427 (1996).  In

20    Puerto Rico, the tolling of civil actions is a question of substantive law.  See Rodríguez

21    Narvaez v. Nazario, 895 F.2d 38, 43 (1st Cir. 1990).  Under Puerto Rico's tort statute, a

22    one-year statute of limitations applies.  See P.R. Laws Ann. Titl. 31 § 5298(2).  Article

1    1873 of Puerto Rico's Civil Code provides three mechanisms by which the prescription

2    of actions can be tolled, including "by their institution before the courts." P.R. Laws

3    Ann. Tit. 31, § 5303; see also Tokyo Marine & Fire Ins. Co., Ltd. v. Perez & Cia, De

4    Puerto Rico, Inc., 142 F.3d 1, 4 (1st Cir. 1998). Once an action is commenced in court, it

5    causes the entire limitations period to start anew from the date that action comes to a

6    definite end. López-González v. Mun. of Comerío, 404 F.3d 548 (1st Cir. 2005).

7         Following these rules, the last action against Defendant González-Droz ended

8    January 26, 2012. (Docket No. 1.) If Defendant SIMED is solidarily liable with its

9    insured, then there was bar to litigation until January 26, 2013, well after the filing of this

10   action. Id. The solidarity doctrine in the Puerto Rico Civil Code "is based on the theory

11   that there is one obligation, shared by several debtors." Tokyo Marine, 142 F.3d at 6. In

12   cases of solidarity, "the interruption of prescription against one defendant also interrupts

13   the prescription of claims against any other defendants who are solidarily liable with the

14   first." Tokyo Marine, 142 F.3d at 4 (citations omitted); see also P.R. Laws Ann. Tit. 31

15   § 5304. The First Circuit has established that under Puerto Rico law, "insured defendants

16   and their insurance companies are solidarily liable for the acts of the insured." Tokyo

17   Marine, 142 F.3d at 7; Torres Vazquez v. Commercial Union Ins. Co., 367 F.Supp. 2d

18   231, 240 (2005). Therefore, the tolling of the statute of limitations against Defendant

19   González-Droz also tolled the statute of limitations against Defendant SIMED. Because

20   the one-year statute of limitations began to run anew on January 26, 2012, Plaintiffs'

21   complaint of October 5, 2012, was not time-barred.

Civil No. 12-1841 (JAF)                                                                -4-

1        Therefore, Defendant SIMED's motion to dismiss (Docket No. 49) is **DENIED.**

2        **IT IS SO ORDERED.**

3        San Juan, Puerto Rico, this 9th day of January, 2014.

4                                                              S/José Antonio Fusté
5                                                              JOSE ANTONIO FUSTE
6                                                              U. S. DISTRICT JUDGE